# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GLENNDA GOVER,<br>　　　*Plaintiff* | §<br>§<br>§ | |
| | § | SA-22-CV-00444-XR |
| -vs- | §<br>§ | |
| DOLLAR TREE STORES, INC.,<br>　　　*Defendant* | §<br>§<br>§ | |

## ORDER REMANDING CASE

On this date, the Court considered the status of this case. Plaintiff Glennda Gover filed this premises liability action in the 131st District Court of Bexar County, Texas on March 28, 2022, asserting claims against Defendant Dollar Tree Stores, Inc. ("Dollar Tree") for injuries she sustained after losing her balance and falling over a row of cracked, uneven tiles in one of Defendant's stores in San Antonio, Texas. *See* ECF No. 1-3 at 2–3.[1]

Dollar Tree removed this action to federal court on May 6, 2022, on the basis of diversity jurisdiction. ECF No. 1. A court may raise the issue of subject matter jurisdiction *sua sponte* if it appears that the Court lacks such jurisdiction. *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).[2]

"A federal district court has subject matter jurisdiction over a state claim when the amount in controversy is met and there is complete diversity of citizenship between the parties." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing 28 U.S.C. § 1332(a)). The amount in controversy, exclusive of costs and interest, must exceed $75,000. *See* 28 U.S.C.

---

[1]　Defendant's Notice of Removal incorrectly asserts that Plaintiff commenced the underlying suit in the 166th Judicial District of Bexar County, erroneously referencing a citation issued in another case, Cause No. 2022CI04291, styled *Frost Bank vs. Reagan Glosson*. *See* ECF No. 1 at 2; ECF No. 1-2 at 2.

[2]　While Plaintiff filed a motion to remand (ECF No. 6) on June 3, 2022, that motion is not yet ripe for the Court's consideration. Because the Court concludes *sua sponte* that it lacks subject matter jurisdiction, delaying remand until the parties' briefing on the motion is complete would serve only to force the parties to spend weeks litigating this case in the wrong forum. In the interests of judicial economy and comity, the Court declines to consider Plaintiff's motion in light of its independent conclusion that subject matter jurisdiction is wanting.

§ 1332(a). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). It follows, then, that the removing party has the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

The amount in controversy is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. *St. Paul Reins. Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir.1998); *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir. 1995). Removal is thus proper if it is "facially apparent" from the complaint that the claim or claims asserted exceed the jurisdictional amount. *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995). When a complaint does not allege a specific amount of damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *Greenberg*, 134 F.3d 1250 at 1253. The court must evaluate the removing party's right to remove "according to the plaintiffs' pleading at the time of the petition for removal." *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939); *see also Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) ("The jurisdictional facts that support removal must be judged at the time of removal.").

Here, it is not facially apparent from the original petition that the claims asserted exceed the jurisdictional amount. Indeed, the petition explicitly states that Plaintiff "seeks monetary relief less than seventy-five thousand dollars ($75,000)." *See* ECF No. 1-3 at 2. Dollar Tree does not argue, and the Court does not find, that such a claim was made in bad faith, so this sum controls the amount in controversy. *See* 28 U.S.C. § 1446(c)(2); *De Aguilar,* 47 F.3d at 1408.

Nonetheless, Dollar Tree contends that the amount-in-controversy requirement is satisfied here because "Plaintiff has not confirmed that she is seeking damages less than $75,000.00." ECF No. 1 at 2. Defense counsel has evidently "solicited confirmation of the amount in controversy from Plaintiff's counsel to no avail." *Id.* "Therefore," Dollar Tree argues, "it is *assumed* that the amount in controversy exceeds $75,000.00." *Id.* (emphasis added). Dollar Tree's assumption about the amount in controversy, unsupported by any evidence, is insufficient to establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *Greenberg*, 134 F.3d 1250 at 1253. Based on the jurisdictional facts at the time of removal, Dollar Tree has not met its burden of showing that federal jurisdiction exists. *De Aguilar*, 47 F.3d at 1408.

Because the Court concludes that the amount-in-controversy requirement is not satisfied here, the Court lacks subject matter jurisdiction over this case and removal was improper. The Clerk is directed to **REMAND** this case to the 131st District Court of Bexar County, Texas pursuant to 28 U.S.C. § 1447(d) and to close this case. Plaintiff's motion to remand (ECF No. 6) is **DENIED AS MOOT**.

It is so **ORDERED**.

SIGNED this 7th day of June, 2022.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE